IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER L. COMPTON, JR., ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00478 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MICHAEL W. TAYLOR, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Roger L. Compton, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983.  He names five defendants: (1) Michael W. Taylor, who he identifies as the Sheriff of Pittsylvania County; (2) Jason Turner, an "investigator" with the Pittsylvania County Sheriff; (3) Dr. Wang, a physician who treated Compton while he was incarcerated; (4) Brian Haskins, who appears to have been a prosecutor involved in one of Compton's criminal cases; and (5) Michael Newman, also a prosecutor.  Elsewhere in his complaint, he lists a number of other individuals who he says are "involved," but it is not clear if he intended to name them as defendants.  (Compl. 9, Dkt. No. 1.)

Compton's complaint alleges violations of his rights under the Fourth, Fifth, Sixth, and Seventh Amendments, although the court believes the reference to the Seventh Amendment is meant to refer to the Eighth Amendment.  (Compl. 4.)  It contains several different types of claims based on different events.  (*See generally id.*)

First, Compton sets forth a history of arrest dates, incarceration dates, and sentences he received on different dates (Compl. at 5, 6–7), and some of that history overlaps with his allegations in another case before this court, *Compton v. Milam*, Civil Action No. 7:21-cv-00494 (W.D. Va.).  As he did in that case, he appears to be arguing that he was improperly denied credit for some of the time he spent in custody.  He also appears to be making various challenges to a

conviction—or possibly just charges—in Pittsylvania County, which he alleges was based on a "false police report" filed by Jason Turner. At one point, he states that he was sentenced, but in another, he states that the false charges were *nolle prossed*. He also accuses two Pittsylvania County Circuit Court clerks of "forging false sentencing orders" to have him held unlawfully. (Compl. 7–8.)

Second, Compton makes an argument that he is being held in jail so that unspecified persons can garnish his wages and steal his tax refunds. He states that he is "oddly in jail during tax season every year but [his] taxes get filed" by some unknown person. He claims to be "falsely arrested every November." Relatedly, he complains that his attorney has not helped him with this issue, but a court clerk is not permitting Compton to fire his attorney or be appointed another attorney. (Compl. 8.)

Compton's third claim appears to be an Eighth Amendment claim of deliberate indifference against Dr. Wang, based on a failure to treat or to provide timely care for a penis infection, which is a claim that is properly brought in a § 1983 action.

For relief, Compton requests $250,000 for pain and suffering, as well as surgery to remove scarring related to his penis infection. He also wants "time credit for all 'dead time,'" for the "court system to stop harassing [him]," "to be represented fairly and not sentenced to more time then he was given." He also requests wages and the return of monies unlawfully garnished. (Compl. 10.)

To the extent Compton is attempting to challenge any of his convictions, sentences, or the improper computation of any sentence based on a failure to give him credit for time he spent in custody, those claims cannot be brought in a § 1983 action. Instead, the proper vehicle for such

2

challenges is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Moreover, if he has not yet exhausted any of those claims by raising them in state court and still has the ability to do so, he must exhaust before this court can consider them. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In certain circumstances, it is possible to assert a constitutional challenge through 42 U.S.C. § 1983 related to charges that have been dismissed or *nolle prossed*. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Thus, if Compton has a separate claim related only to the *nolle prossed* charges, he may bring that in a Section 1983 action. His medical claims against Dr. Wang, and possibly his claims regarding what he believes to be the theft of monies owed to him also may be properly brought in a § 1983 action. As it is currently pled, however, his complaint contains misjoined claims and defendants.

A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017). Here, Compton's potential § 1983 claims are against different defendants, do not arise out of the same transaction or occurrence, and do not appear to all contain common questions of fact or law. Thus, they are misjoined.

---

[1] To the extent Compton is seeking financial compensation as a result of his allegedly wrongful sentence, his claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (explaining that if granting relief on a civil claim would necessarily call into question the validity of an outstanding criminal judgment, then the civil case cannot proceed unless the conviction has been reversed, expunged, or otherwise declared invalid).

Because Compton is acting *pro se*, the court will allow him to file an amended complaint to correct the noted deficiencies.  **In order to proceed with this action, Compton must file an amended complaint within thirty days after entry of this order.**  This amended complaint must be a new pleading, complete in all respects, which stands by itself without reference to any earlier filed-complaint.  Compton may not include in his amended complaint all of the claims and defendants currently in this lawsuit, but he may choose which claim(s) to include in this action.[2]  As to claims he does not include here, Compton may file separate complaints asserting them.  For each separate complaint that he files, he will be required to either prepay the entire filing fee or execute the proper financial documents to seek leave to proceed *in forma pauperis*, in order to comply with the financial filing requirements.  **COMPTON IS ADVISED THAT HIS FAILURE TO FILE HIS AMENDED COMPLAINT WITHIN THIRTY DAYS AFTER ENTRY OF THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS CASE.**  Alternatively, if he needs additional time to file his amended complaint or does not want to proceed at this time, Compton may voluntarily dismiss his complaint and file a new complaint or complaints when he is prepared to do so, subject to any applicable statutes of limitations.

Compton should carefully consider which claims to pursue.  If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g).  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020)  (holding that a dismissal of a suit for failure to state a claim, whether with or without prejudice, counts as a strike under the PLRA).

---

[2] Consistent with Rules 18 and 20 of the Federal Rules of Civil Procedure, Compton may join multiple defendants *only* if (1) the right to relief asserted against them arises out of the same transaction or occurrence, or series of transactions or occurrences, *and* (2) at least one question of law or fact is common to all defendants.

## CONCLUSION AND ORDER

For the foregoing reasons, Compton's complaint will remain conditionally filed at this time. It is hereby ORDERED that Compton shall file an amended complaint in this matter within thirty days and his amended complaint must comply with the joinder rules and the instructions above.

To the extent Compton's claims are habeas claims, he may file them instead in a petition pursuant to 28 U.S.C. § 2254, after first exhausting any available state-court remedies.

The Clerk is DIRECTED to send to Compton a copy of this order, a blank § 1983 form for filing his amended complaint, two additional blank § 1983 forms for his use in filing any new and separate cases that he may choose to file, and a blank 28 U.S.C. § 2254 form.

Entered: April 13, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

Dillon
District Judge
Assign. by Clerk's Ofc.

Hoppe
Mag. Referral Judge
Assign. by Clerk's Ofc.

**AMENDED COMPLAINT**
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

For use by Inmates filing a Complaint under

**CIVIL RIGHTS ACT, 42 U.S.C. §1983 or BIVENS v. SIX UNKNOWN NAMED AGENTS OF FED. BUREAU OF NARCOTICS, 403 U.S.C. §388 (1971)**

Roger Lee Compton, Jr.
Plaintiff full name                                                                                  Inmate No.

v.                                          CIVIL ACTION NO.  7:21cv00478
                                                              (Assigned by Clerk's Office)

Defendant(s) full name(s)

*********************************************************************************************
*The mailing address you provide at A: *"where are you now?"* is where the court will send mail to you*

A. **Where are you now?** Facility and Mailing Address _____

B. Where did this action take place? _____

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

   _____ Yes        _____ No

   If your answer to A is Yes, answer the following:

   1. Court: _____

   2. Case Number: _____

D. Have you filed any grievances regarding the facts of this complaint?

   _____ Yes        _____ No

   1. If your answer is Yes, indicate the result:
   _____

   2. If your answer is No, indicate why:

**E.** Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes**. If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

_____

_____

_____

**F.** State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

_____

**G.** If this case goes to trial do you request a trial by jury?   Yes_____   No_____

**H.** If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address *after* I have been released or transferred or my case may be dismissed.

DATED:_____   SIGNATURE: _____

VERIFICATION:
I,_____, state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED:_____   SIGNATURE: _____