IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROGER LEE COMPTON, JR., | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00478 |
| v. | ) | |
| | ) | |
| DR. WANG, | ) | By: Elizabeth K. Dillon |
|     Defendant. | ) | United States District Judge |

**MEMORANDUM OPINION**

Roger Lee Compton, Jr., a Virginia inmate proceeding *pro se*, brought this civil rights action, and the sole remaining defendant is Laurence S. Wang, M.D. In his amended complaint, Compton alleges that his constitutional rights were violated when Dr. Wang was deliberately indifferent to the pain and symptoms Compton was experiencing, including painful urination, genital blistering, and GI distress that he describes as persistent and explosive diarrhea. Compton alleges that some or all of these symptoms resulted from a sexually transmitted infection ("STI").

Pending before the court are a number of motions that are ripe for disposition and discussed herein. The first is a motion to dismiss by Dr. Wang (Dkt. No. 28), which the court will deny. Compton has filed a motion for summary judgment (Dkt. No. 35), although it is not in a proper format and does not comply with the local rules concerning such motions. It also will be denied. Compton also has two other pending motions. The first, a motion for appointment of counsel and a continuance, will be denied in part and granted in part. The second is a motion for discovery of his medical records, which will be denied without prejudice.

I.  BACKGROUND

Compton is currently incarcerated at the Danville City Farm, in Danville, Virginia. He alleges that he was treated by Dr. Wang between November 24, 2020, and May 2021, while he

was being housed at the Pittsylvania County Jail ("the Jail"). Dr. Wang is a Virginia Department of Corrections ("VDOC") employee who was working for the Jail on a contract basis.

The allegations in the amended complaint are not particularly detailed. Compton alleges the following:

> I was held from November 24, 2020 in [the Jail] with a sexually transmitted disease until May 2021 before being treated. Dr. Wang said it was normal and now my penis is scarred from not being treated. For six months, I suffered from burning while urinating, blistering of my penis, swelling and my penis is permanently scarred while Dr. Wang continuously gave me over-the-counter-medication (Ibuprofen). I also had continuous diarrhea from infection.

(Am. Compl. 2, Dkt. No. 15.)[1]

Compton attached to his complaint a grievance form he signed on May 3, 2021. (Dkt. No. 15-1.) In the grievance, he states that he has had diarrhea "since he got here," that he keeps "getting told it's normal," that he has "all [the] symptoms of colon cancer," and that he needs to "to be tested." (*Id.* at 1.) His grievance also says that he has a boil on his penis that hurts. When he complained to a nurse, she said he was "getting on everyone's nerves," and she shut "the trap" in his face. He also states that the over-the counter medicine he keeps being given is not working. (*Id.*)

An administrator responded to his grievance the following day, stating that that the jail has medical staff and a medical doctor on call and instructing Compton to submit a request to see the doctor about the issues he is having. In response to that, Compton completed the bottom portion of the complaint, dated May 5, 2021, in which he states:

> The doctor still says these symptoms are normal! I'm still being given the same [over-the-counter medicines] that don't work. I was told that I may have herpes but no STD test was done nor was

---

[1] When quoting from plaintiff's submissions in this opinion, the court has corrected spelling and grammatical errors.

>I given any treatment or medication for herpes. I have had these symptoms [for] 6 months. [E]xplosive diarrhea immediately after eating isn't normal nor [are] blisters on my penis.

(*Id.* at 2.)[2]

The court construes Compton's complaint as asserting an Eighth Amendment claim under 42 U.S.C. § 1983. For relief, Compton asks for compensation for his pain and suffering and for the scarring to be removed. (*Id.* at 3.)

## II.   DISCUSSION

### A.  Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B.  Eighth Amendment Claim

#### 1.  Applicable Law

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious

---

[2] In his response to the motion to amend, Compton provides additional facts in further support of his complaint, but he cannot amend his complaint through briefing. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).

medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To qualify as deliberate indifference, the defendant's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

### 2. Eighth Amendment Claim Against Dr. Wang

Dr. Wang argues that the claims against him are subject to dismissal on several grounds. First, he states that he will presume for purposes of the motion—but not concede—that herpes is a serious medical condition. He contends, though, that the only symptoms reported to him was painful blisters on Compton's penis. He claims that this, without more, a blister is not a serious medical need.

For support, Dr. Wang cites to *Werts v. Anderson*, No. 4:08-3291-TLW-TER, 2009 WL 5171306 (D.S.C. Nov. 6, 2009). *Werts*, however, is easily distinguishable. The plaintiff in *Werts* complained of a blister on his hand, for which the defendant allegedly refused to give him a band-aid. *Id.* at *12. The *Werts* court further noted that the plaintiff had not alleged that he had any resulting injuries from the failure to receive a band-aid. Here, Compton complained of a blister on his genitals that was present for months, that was painful and caused swelling, and that

4

was accompanied by a burning sensation during urination. He also has alleged that the failure to promptly and timely receive treatment led to permanent scarring. The court believes this plausibly alleges a serious medical need.

With regard to the GI distress, Dr. Wang again argues that such a condition could "lead to or be the sign of various serious medical needs," but it is not—in and of itself—a serious medical need. On this basis, he again posits that the conditions of which he was informed do not satisfy the first objective element of an Eighth Amendment claim. Both the case cited by Dr. Wang for this proposition—*Webb v. McKnight*, No. 7:06CV00734, 2006 WL 3761382, at *2 (W.D. Va. Dec. 20, 2006)—and other cases suggest that complaints of indigestion, constipation, headaches, vomiting, and emotional distress do not generally constitute a serious medical need. *See e.g.*, *Scales v. Bristol Virginia City Jail*, No. 7:06CV00556, 2007 WL 777532, at *5 (W.D. Va. Mar. 13, 2007) (holding that "digestive upset, nausea, diarrhea, and vomiting" do not constitute a serious medical need), *report and recommendation adopted,* No. 706CV00556, 2007 WL 1052463 (W.D. Va. Apr. 5, 2007). Notably, the courts in both *Scales* and *Webb* concluded that there were other grounds for dismissal, as well. Moreover, in *Webb*, plaintiff alleged that the symptoms were the result of worms found in plaintiff's oatmeal (despite his not eating the tainted food), and this occurred on nine specific occasions over a period of months. 2006 WL 3761382, at *1. By contrast, the facts here are not just that Compton had occasional diarrhea, but that he was suffering from that symptom, which he describes as "continuous," for about six months, with no relief. Additionally, the diarrhea occurred immediately after eating. Given those allegations of fairly extreme symptoms, the court concludes that Compton has alleged facts that plausibly state a "serious medical need," in that six months of "continuous diarrhea" plausibly would lead a lay person to conclude that a doctor's treatment was required.

Dr. Wang next argues that Compton has not alleged facts sufficient to show deliberate

5

indifference, because he has not shown that Dr. Wang failed to respond reasonably to risks about which he knew. He points out that the complaint does not allege when Dr. Wang's treatment commenced or when Dr. Wang was first informed of Compton's symptoms.

The court agrees with Dr. Wang that the complaint is scant on details. Considering the allegations in the complaint and the attached grievance, however, Compton has plausibly alleged that he suffered from both the GI distress and the painful blisters on his penis for months, and that he was repeatedly told by the physician that his conditions were normal. Indeed, his statement that the doctor "*still* says these symptoms are normal" plausibly suggests that he repeatedly sought treatment before May for the symptoms and did not receive treatment or adequate treatment. Considering the entirety of his complaint and attachments, it plausibly is alleged that he reported his symptoms multiple times and all he was given was over-the-counter medication that did not work.

Dr. Wang also emphasizes that, even under Compton's allegations, he received *some* treatment. From this, he argues, that he was not deliberately indifferent as a matter of law. While Compton does allege that he received some medication (ibuprofen) for at least his GI distress, the Fourth Circuit has explained that continuing to treat a patient with a medication that is not helping *can* constitute deliberate indifference in certain circumstances, depending on what the medical provider knew and when, as well as how long the symptoms lasted and whether they worsened. *See Perry v. Meade*, 728 F. App'x 180, 182 (4th Cir. 2018) (explaining that prescribing medication does not foreclose a deliberate indifference claim because providing a plaintiff with "*some* treatment" does not mean defendants have "provided *constitutionally adequate treatment*") (quoting *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013)). Here, the court finds that Compton has set forth enough factual matter to plausibly state a claim.

In short, the court cannot agree that Compton has failed to state an Eighth Amendment

6

claim against Dr. Wang. It may well be that the accurate picture of what occurred and what treatment was provided, as evidenced by medical records, is not conveyed in the complaint. It also may be that Dr. Wang did not learn of Compton's complaints until after he filed his first grievance. Indeed, in a footnote, Dr. Wang asserts that Compton "first reported his STI symptoms on May 4, 2021," received testing on May 6, 2021, and was prescribed medicine to treat the condition on May 11. (Mem. Support Mot. Dismiss 3 n.3, Dkt. No. 29.)

But Dr. Wang has not provided an affidavit to this effect, nor has he provided a copy of Compton's medical records. Because these facts are contradicted by the allegations in the complaint and Compton's attached grievance, the court cannot consider them on a motion to dismiss. Instead, the court is limited to a review of the allegations in the complaint and the documents attached to the pleading. These issues may be raised in any future summary judgment motion, though, and may be appropriately resolved on a more complete summary judgment record, without the need for trial. *E.g.*, *Scales*, 2007 WL 777532, at *2, *5 (W.D. Va. Mar. 13, 2007) (granting summary judgment where medical record disclosed that the plaintiff was repeatedly examined by medical staff, when he repeatedly refused treatment and when he gained four pounds during the time he complained of constant GI issues), *report and recommendation adopted,* 2007 WL 1052463. At this juncture, though, Compton has alleged enough to survive a motion to dismiss.

C. **Other Motions**

The court turns next to Compton's other motions.

1. **Compton's motion for summary judgment (Dkt. No. 35)**

Compton's two-paragraph motion for summary judgment does not set forth a statement of undisputed facts, does not rely on any portions of the record, and is procedurally infirm. *See* Fed. R. Civ. P. 56. It will be denied.

### 2. Compton's motion for a continuance/appointment of counsel (Dkt. No. 34)

In a separate motion, Compton requests the appointment of counsel and also requests additional time to file his response to the motion to dismiss, although he calls it a "continuance." He states that he needs the "continuance" to obtain his medical records. Compton has since filed his response, which the court has considered. Thus, the motion for extension/continuance will be granted insofar as the court will deem his response timely filed and has considered it. There is no basis for postponing a ruling on the motion to dismiss pending his receipt of medical records, as such outside materials would not be considered on a motion to dismiss in any event.

As for Compton's request for court-appointed counsel, the court may not require an attorney to represent an indigent civil plaintiff and may request that an attorney represent such a plaintiff only in "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1985). Whether "exceptional circumstances" exist turns on several factors, including a plaintiff's ability to present his case and the complexity of his claims. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 290 U.S. 296, 309 (1989); s*ee also Henderson v. Ghosh*, 755 F.3d 559, 564–65 (7th Cir. 2014) (noting that a court deciding whether to recruit counsel for an indigent civil plaintiff should ask "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?").

Considering those factors here, the court concludes that appointment of counsel is not warranted at this time. The primary reason Compton offers is that he is unable to access the library in-person at the present time, but he has to request materials and wait for their delivery to him. If he needs additional extensions of time to obtain or access legal materials from the library, he may ask for them. But that alone is not a reason to appoint counsel. Compton's filings and the simplicity of the case show that he appears competent to litigate it himself, at least

at this stage. *See Henderson*, 755 F.3d at 564–65. Accordingly, his motion will be denied without prejudice. If this matter is set for trial, the court will consider a renewed request for counsel at that time.

### 3. Compton's motion for discovery (Dkt. No. 36)

Compton also has filed a motion titled as a "Motion to Discover Medical Records," in which he seeks his medical records from the Jail. He has since sought and obtained a subpoena for records to send to the Jail, so he is seeking third-party discovery. Now that the motion to dismiss has been denied, he also may request discovery, such as requests for production of documents, from defendant Dr. Wang. If Dr. Wang has possession of Compton's medical records, he may produce them in response to an appropriate request. Thus, Compton's motion for discovery will be denied without prejudice to his ability to move to compel production of his medical records once he has sought them through discovery, if he is unable to obtain them.

## III. CONCLUSION

For the reasons discussed above, the motion to dismiss by Dr. Wang will be denied, as will Compton's motion for summary judgment. Compton's request for counsel and his motion for discovery will be denied without prejudice, and his motion for extension/continuance will be granted insofar as his response to the motion to dismiss is deemed timely filed, but otherwise denied.

An appropriate order will be entered.

Entered: December 6, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge